UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| VARIABLE ANNUITY LIFE INSURANCE COMPANY and VALIC FINANCIAL ADVISORS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> SEAN and SETH COMPTON, <br><br> Defendants. | NO. 4:22-CV-5077-TOR <br><br> STIPULATED TEMPORARY RESTRAINING ORDER |

BEFORE THE COURT are Plaintiffs' Unopposed Motion for Entry of the Stipulated Temporary Restraining Order (ECF No. 20) and Motion to Expedite (ECF No. 21). The Court has reviewed the record and files herein, and is fully informed.

//

//

//

STIPULATED TEMPORARY RESTRAINING ORDER ~ 1

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiffs' Amended Motion for Temporary Restraining Order (ECF No. 7) is **DENIED as moot**. The Telephonic Motion Hearing set for July 14, 2022, at 10:00 a.m., is **STRICKEN**.

2. Plaintiffs' Unopposed Motion for Entry of the Stipulated Temporary Restraining Order (ECF No. 20) is **GRANTED**.

3. For good cause shown, Plaintiffs' Motion to Expedite (ECF No. 21) is **GRANTED**.

4. Effective immediately, it is hereby **ORDERED**:

    a. Defendants shall not solicit or induce, or attempt to induce, directly or indirectly, any Protected Customer[1] to end his, her, or its relationships with the VALIC Companies, *provided that Defendants may service Protected Customers that make an independent decision to work with Defendants.*

---

[1] The Financial Professional Agreements define "Protected Customer" as:

> [A]ny person who is or was a customer of any Protected Company who was within Financial Professional's assigned Territory, or, with respect to a customer outside the Territory, for which the Financial Professional was assigned, and who, within the one-year period immediately preceding the termination of this Agreement, was either assigned to Financial Professional or with whom, Financial Professional communicated regarding protected Companies' products or services.

STIPULATED TEMPORARY RESTRAINING ORDER ~ 2

b. Defendants shall not solicit or induce, or attempt to solicit or induce, directly or indirectly, any of the VALIC Companies' employees to end or alter his or her relationship with the VALIC Companies or to contract or associate with a competitor.

c. Defendants shall not directly or indirectly use, retain, disclose, or transmit for any purpose (including but not limited to for the purpose of inducing or soliciting Protected Customers) any and all property of the VALIC Companies as defined in Section V.C.3 of the Financial Professional Agreement.

d. Plaintiffs and Defendants shall preserve and not destroy, erase, or otherwise make unavailable for further proceedings in this matter, any records or documents (including data or information maintained in computer files or electronic storage media) in their respective possession or control which were obtained from, or contain information derived from, any of the VALIC Companies' records.

e. Plaintiffs shall comply with FINRA Regulatory Notice 19-10.

f. The terms of this Stipulated Temporary Restraining Order SHALL expire on the earlier date of either: (a) April 1, 2023; or (b) the date upon which a Financial Industry Regulatory Authority arbitration

STIPULATED TEMPORARY RESTRAINING ORDER ~ 3

award or ruling is entered to modify, vacate or extend this Stipulated Temporary Restraining Order.

The District Court Executive is directed to enter this Order and furnish copies to counsel. The file remains **OPEN**.

DATED July 14, 2022.



```
                    THOMAS O. RICE
                    United States District Judge
```

STIPULATED TEMPORARY RESTRAINING ORDER ~ 4